**William Donald BRADEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

Lewis H. Nicholls, Greenup, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Jack Kibbey, Vanceburg, for appellee.

CULLEN, Commissioner.

William Donald Braden was convicted of aiding and abetting Clifford Merritt in the armed robbery of one George Curry, and was sentenced to life imprisonment. Appealing from the judgment of conviction, Braden maintains that he should have had a directed verdict of acquittal and that the verdict is flagrantly against the evidence.

█ Around 9:30 a. m. on a day in September 1965, in the parking lot of a bank in Russell, Kentucky, Curry was accosted by a man carrying a gun and was robbed of some $15,000 in cash. Curry later identified Merritt as the man who robbed him. The evidence tending to establish Braden's participation as an aider and abettor was as hereinafter stated.

Merritt and Braden left Toledo, Ohio, together in a green automobile at 1:00 a. m. on the morning of the robbery. Braden was acquainted with Curry, having worked for a contractor who did some repair work on Curry's hardware store in Raceland, and had been in the store on various occasions. (This has significance since Curry's visit to the bank in Russell was to obtain money with which to cash paychecks of railroad employes in Raceland, according to his regular custom.) Merritt did not know Curry and would not have known of the likelihood of his obtaining a large sum of money from the bank unless Braden imparted that information. A witness saw a man drive a green car out of the bank parking lot a few minutes after the robbery took place. Two men who knew Braden saw him on the street in Russell, at approximately the time of the robbery, only a few hundred yards from the bank. They offered him a ride to Raceland but he said he was going to the Y.M.C.A. in Russell. About ten minutes after the robbery the state police stopped a green car on the highway near Russell, being driven by Braden with Merritt as a passenger. Later the money taken from Curry was found over an embankment on a road that leads from Russell

to the Y.M.C.A., a hundred yards or so from the bank parking lot.

In our opinion the evidence was sufficient to create a jury issue as to Braden's guilt, and the verdict was not flagrantly against the evidence. Cf. Hoskins v. Commonwealth, Ky., 374 S.W.2d 839; Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1.

 The appellant contends that the trial court erred in not granting Braden a separate trial. There is no merit in this contention because there was no showing of any special factor of prejudice arising from the joint trial. See Hoskins v. Commonwealth, Ky., 374 S.W.2d 839.

The judgment is affirmed.